Pro Se 1 2016

```
_____ FILED    _____ LODGED
       _____ RECEIVED

       APR 13 2019

     CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                              DEPUTY
```

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

Moore, Tracie Denise

CASE NO. C18-5294 RBL

Plaintiff(s),

v.

United States

Defendant(s).

COMPLAINT FOR A CIVIL CASE

Jury Trial: ☐ Yes ☒ No

## I. THE PARTIES TO THIS COMPLAINT

A.   Plaintiff(s)

*Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.*

| | |
|---|---|
| Name | Moore, Tracie Denise |
| Street Address | 18716 13th Ave., Court E |
| City and County | Spanaway; Pierce |
| State and Zip Code | WA; 98387 |
| Telephone Number | (618) 910-8549 |

COMPLAINT FOR A CIVIL CASE - 1

*Pro Se 1 2016*

B.  Defendant(s)

*Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title (if known). Attach additional pages if needed.*

Defendant No. 1

- Name: United States
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:

Defendant No. 2

- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:

Defendant No. 3

- Name:
- Job or Title *(if known)*:
- Street Address:
- City and County:
- State and Zip Code:
- Telephone Number:

COMPLAINT FOR A CIVIL CASE - 2

Pro Se 1 2016

Defendant No. 4

    Name

    Job or Title *(if known)*

    Street Address

    City and County

    State and Zip Code

    Telephone Number

## II. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

    ☑ Federal question      ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

28 USC 2675

COMPLAINT FOR A CIVIL CASE - 3

*Pro Se 1 2016*

B.   **If the Basis for Jurisdiction Is Diversity of Citizenship**

    1.   The Plaintiff(s)

        a.   If the plaintiff is an individual.

The plaintiff *(name)* _____, is a citizen of the State of *(name)* _____.

        b.   If the plaintiff is a corporation.

The plaintiff, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)

    2.   The Defendant(s)

        a.   If the defendant is an individual.

The defendant, *(name)* _____, is a citizen of the State of *(name)* _____. Or is a citizen of *(foreign nation)* _____.

        b.   If the defendant is a corporation.

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____.

Or is incorporated under the laws of *(foreign nation)* _____, and has its principal place of business in *(name)* _____.

(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)

COMPLAINT FOR A CIVIL CASE - 4

*Pro Se 1 2016*

3. The Amount in Controversy.

The amount in controversy-the amount the plaintiff claims the defendant owes or the amount at stake-is more than $75,000, not counting interest and costs of court, because (*explain*):

_____

_____

_____

### III. STATEMENT OF CLAIM

*Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.*

**See Attached**

_____

_____

### IV. RELIEF

*State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.*

**See Attached**

_____

_____

### V. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper

COMPLAINT FOR A CIVIL CASE - 5

*Pro Se 1 2016*

purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

      I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

| | |
|---|---|
| Date of signing: | 13 Apr 2018 |
| Signature of Plaintiff | *Tracie D Moore* |
| Printed Name of Plaintiff | **Tracie Denise Moore** |
| | 18716 13th Ave, Court E |
| | Spanaway, WA 98387 |
| Date of signing: | |
| Signature of Plaintiff | |
| Printed Name of Plaintiff | |
| Date of signing: | |
| Signature of Plaintiff | |
| Printed Name of Plaintiff | |

COMPLAINT FOR A CIVIL CASE - 6

Tracie Denise Moore

18716 13th Avenue; Court E

Spanaway, WA   98387

(Plaintiff)

v.

United States

(Defendant)

## STATEMENT OF CLAIM

Facts:

1. Plaintiff/Veteran resides in Spanaway, WA

2. Defendant, United States, is the principle entity over the Department of Veterans Affairs

3. The appropriate venue for this suit is the WA Federal Courts as the Plaintiff/Veteran is a resident

4. On 5 December 2012 Plaintiff/Veteran made an urgent visit to the VA Medical Clinic in Elizabeth City, NC (Defendant) with complaints of pink with edema and papules around eyes and mouth, enlarged thyroid, neck tender to touch, globus sensation in throat, difficulty swallowing. Was seen by nurse (Defendant) with no treatment.

5. On 26 December 2012 Plaintiff/Veteran made another urgent visit to the VA clinic (Defendant) with complaints of severe headache, severe pain in eyes, mouth, nose and ears, aching and burning pain all day, blurred vision. Was seen by nurse (Defendant) with no treatment.

6. On 21 January 2013 Plaintiff/Veteran was rushed to the Albemarle Hospital (Non-VA) in Elizabeth, NC with complaint of possible stroke

7. Plaintiff/Veteran was seen immediately by Emergency Room medical staff at the Albemarle Hospital (Non-VA) where they performed a series of tests to rule out stroke

8. Albemarle Hospital (Non-VA) ER physician diagnosed Plaintiff/Veteran with Bell's Palsy and

ordered Plaintiff/Veteran to follow up with her primary physician at the VA clinic (Defendant) as as soon as possible for required, time sensitive care and treatment of Bell's Palsy

9. On 22 January 2013 (the next day) Plaintiff/Veteran adhered to the strict orders of the ER physician and went (with discharge orders from ER physician) to the VA clinic (Defendant) requesting to be seen for time sensitive care of Bell's Palsy

10. Nurse at the VA Clinic (Defendant) acknowledged visual signs of Bell's Palsy seen on the face of Plaintiff/Veteran but refused the request for same-day medical care stating that the clinic "does not see walk-ins". Instead Plaintiff/Veteran was given a scheduled appointment for 28 January 2013 (a week later)

11. Plaintiff/Veteran returned to the VA Clinic (Defendant) several times prior to scheduled appointment, requesting urgent care with complaints of severe headache, ear pain, excessive watering eyes, and uncontrollable drooling from mouth

12. Nursing staff at the VA Clinic (Defendant) again refused same-day medical care citing their "no walk-ins" policy

13. Plaintiff/Veteran was finally seen by the VA clinic physician (Defandant) on 28 January 2013 providing service within the scope of the Department of Veterans Affairs

14. During the Plaintiff's/Veteran's visit, the VA physician (Defendant) searched for Bell's Palsy on the Internet, printed an information sheet, then gave to Plaintiff/Veteran

15. At the conclusion of the visit, VA physician (Defendant) discussed the clinic's "No walk-ins" policy and informed Plaintiff/Veteran that, "Coming in everyday won't change anything"

16. Plaintiff/Veteran, fearful of further ridicule and intimidation from the Elizabeth City, NC VA clinic's medical staff (Defendant), as well as the disappointment of their absence of empathy and professionalism, the Plaintiff/Veteran did not return to that clinic

17. As a direct and proximate result of the breach of the applicable standard of medical care by the Defendant which resulted in permanent Bell's Palsy and the failure to diagnose Thyroid Cancer (despite Plaintiff's/Veteran's related complaints on the 5 December 2012 clinic visit) , the Plaintiff/Veteran:  1) has in the past, is currently, and will in the future continue to suffer physical pain, extreme mental and emotional sorrow and anguish, 2) suffered physical injuries that she will carry for the rest of her life, 3) was forced to get further operations and other painful medical procedures, 4) has in the past, and is currently suffering from the exasperation of Plaintiff's/Veteran's Post-Traumatic Syndrome, 5) has in the past, and is currently suffering from fear and anxiety over her condition to recover the best that she could from the harm inflicted on her

18. The harm and losses endured by the Plaintiff/Veteran were the direct, proximate result of

the medical errors and negligence committed by the Defendant

19. Plaintiff/Veteran did nothing to cause her own injuries. She was not contributorily negligent and did not assume the risk of the harm that was done to her

## RELIEF

### COUNT I (Negligence - Medical Malpractice)

1. The Plaintiff/Veteran incoroprates by reference the claims made in paragraphs 1-19 in Statement of Complaint

2. Defendant did not do what a reasonable, ordinary doctor would do treating the Plaintiff/Veteran

WHEREFORE:  The Plaintiff/Veteran claims damages against the Defendant in the amount of $10,000,00.00 as stated in original tort claim,and for any further relief that this Honorable Court determines necessary and appropriate

### COUNT II (Negligence - Medical Malpractice via Agency)

The Plaintiff/Veteran incoroprates by reference the claims made in paragraphs 1-19 of Statement of Claim

1. That at the time of the Plaintiff's/Veteran's medical visits, the VA Clinic's medical staff was acting within the scope of their employment and agency with Defendant, the United States

WHEREFORE:  Plaintiff/Veteran prays for judgement against the United States plus cost, and seeks costs and any additional relief this court believes is appropriate

Respectfully submitted,

Tracie Denise Moore

18716 13th Avenue, Court E

Spanaway, WA   98387

(618) 910-8549